IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICROCHECK SYSTEMS, INC., *et al.*, Plaintiffs, | § § § § | |
| v. | § § | CIVIL ACTION NO. H-09-3567 |
| DONALD J. NUNEZ, *et al.*, Defendants. | § § § | |

## **MEMORANDUM AND ORDER**

Plaintiffs Microcheck Systems, Inc. and Microcheck Solutions, Inc. ("Microcheck") provide technology services to the food service industry, primarily school cafeterias. Plaintiffs filed this lawsuit against Defendants Donald Nunez, Michoice Technology Systems, Inc. ("Michoice"), and Mike Smith, alleging that Defendants misappropriated Microcheck's proprietary information. The case is before the Court on the Motions to Dismiss filed by Michoice [Doc. # 13], Nunez [Doc. # 14], and Smith [Doc. # 15]. Microcheck neither filed any opposition to the Motions to Dismiss nor requested additional time to do so.[1] Having reviewed the Motions to

---

[1] Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.3, 7.4.

Dismiss and the governing legal authorities, the Court concludes that it lacks jurisdiction over the federal copyright law claim and **grants** the Motions to Dismiss.

Plaintiffs assert in the Original Complaint [Doc. # 1] that this Court has federal subject matter jurisdiction based on their claim of copyright infringement under the federal Copyright Act, 17 U.S.C. § 101 *et seq.*[2] Section 411(a) of the Copyright Act provides that "no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Registration is a jurisdictional prerequisite to a federal action for copyright infringement.[3] *Positive Black Talk inc. v. Cash Money Records, Inc.*, 304 F.3d 357, 365 (5th Cir. 2004); *Starr v. DaimlerChrysler Corp.*, 252 F. App'x 590 (5th Cir. Oct. 24, 2007). Although the plaintiff is not required to obtain a certificate from the Copyright Office before filing suit, the plaintiff must have submitted an application for registration to the Copyright Office prior to filing the infringement action. *See Positive Black Talk*, 304 F.3d at 365 (Copyright Office must "receive the application, deposit, and fee before a plaintiff

---

[2] There is no suggestion that the Court would have subject matter jurisdiction based on diversity of citizenship. Indeed, Plaintiffs allege in the Original Complaint that all parties are citizens of Texas. *See* Original Complaint, ¶¶ 1-4.

[3] The United States Supreme Court has granted a writ of certiorari to decide whether § 411(a) restricts the subject matter jurisdiction of the federal courts over copyright infringement actions. *See Reed Elsevier, Inc. v. Muchnick*, 129 S. Ct. 1523 (Mar. 2, 2009).

files an infringement action"); *Lakedreams v. Taylor*, 932 F.2d 1103, 1108 (5th Cir. 1991).

In this case, Plaintiffs allege that Defendants violated the Copyright Act when they misappropriated computer software programs and other technology. Plaintiffs do not allege that they have filed an application for registration with the Copyright Office. Defendants have raised the § 411(a) registration issue, and Plaintiffs have not filed any response in opposition to Defendants' argument. "The burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Insurance Co.*, 243 F.3d 912, 915 (5th Cir. 2001). Because Plaintiffs have not alleged that they filed an application for registration before filing this lawsuit, the Court lacks subject matter jurisdiction over the federal copyright infringement claim.

In addition to the federal Copyright Act claim, Plaintiffs assert state law claims for fraud, conversion, breach of fiduciary duty, misappropriation of proprietary information, violations of the Texas Theft Liability Act, tortious interference with existing and prospective business relationships, unfair competition, breach of contract, defamation and business disparagement, and civil conspiracy. Because the federal claim has been dismissed at such an early stage of the proceedings, the Court declines to exercise supplemental jurisdiction over Plaintiffs' pendent state law claims. *See* 28 U.S.C. § 1367(c)(3); *Priester v. Lowndes County*, 354 F.3d 414, 425 (5th Cir. 2004).

The Court lacks jurisdiction over the federal Copyright Act claim and, pursuant to 28 U.S.C. § 1367(c)(3), declines to exercise supplemental jurisdiction over the state law claims.  Accordingly, it is hereby

**ORDERED** that the Motions to Dismiss [Docs. # 13, # 14, and # 15] are **GRANTED** and this case is **DISMISSED**.  It is further

**ORDERED** that Defendant Nunez's Motion for More Definite Statement [Doc. # 17] is **DENIED AS MOOT**.

The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this **24th** day of **February, 2010**.

_____
Nancy F. Atlas
United States District Judge